UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LAKETA FOY,

                Plaintiff,

    - against -

THE CITY OF NEW YORK, LENNA MILLIGAN,
and MICHAEL FARIA, in Their Individual Capacities
and in Their Official Capacities,

                Defendants
------------------------------------------------------------------x

17CV406(ARR)(SLT)

AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

        Plaintiff, by her attorneys, MICHELSTEIN & ASSOCIATES, PLLC , complaining of the defendants, alleges:

**NATURE OF THE ACTION**

        1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Laketa Foy by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws of the State of New York.

        2. Plaintiff Laketa Foy is a citizen of the United States who, on June 28, 2014, was arrested by defendants Lenna Milligan and Michael Faria on false criminal charges of Resisting Arrest and Disorderly Conduct, violently pushed against a vehicle, handcuffed, forcibly pushed into a police car and kicked by the defendants, transported to the 107th Precinct, where she was subjected to a search in which defendant Lenna Milligan placed a hand inside the plaintiff's underwear in the presence of male officers, subsequently was subjected to a pat-down search in which defendant Lenna Milligan touched the plaintiff's breasts, and was transported to Queens Central Booking, where she was imprisoned until her arraignment the night of June 28 - 29, 2014, when she was

released on her own recognizance, and prosecuted on false criminal charges of Resisting Arrest and Disorderly Conduct, which were dismissed on motion of the District Attorney on September 13, 2016.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of plaintiff Laketa Foy's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Eastern District of New York, defendants Lenna Milligan and Michael Faria can be found within the Eastern District of New York, and defendant The City of New York is a municipal corporation located in the Eastern District of New York which is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

6. Plaintiff Laketa Foy is a citizen of the Untied States who resides in the County of Queens, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Lenna Milligan is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Lenna Milligan was acting within the scope of her employment by defendant The City of New York.

11. Defendant Michael Faria is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

12. At all times relevant herein, defendant Michael Faria was acting within the scope of his employment by defendant The City of New York.

## NOTICE OF CLAIM

13. On November 10, 2016, and within 90 days of the accrual of her cause of action for malicious prosecution, plaintiff Laketa Foy served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which her claim for malicious prosecution arose.

14. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

15. Plaintiff incorporates by reference paragraphs 1 through 14 of this complaint as though the same were set forth fully herein.

16. On June 28, 2014, plaintiff Laketa Foy was lawfully present as a pedestrian on Pershing Crescent in the County of Queens, City and State of New York.

17. On June 28, 2014, on Pershing Crescent in the County of Queens, City and State of New York, while plaintiff Laketa Foy was attempting to assist a motorist who was seeking directions, defendants Lenna Milligan and Michael Faria approached the plaintiff and falsely accused her of blocking the street.

18. Defendant Lenna Milligan verbally abused the plaintiff.

19. Defendants Lenna Milligan and Michael Faria then arrested the claimant on false charges of Resisting Arrest and Disorderly Conduct.

20. Defendants Lenna Milligan and Michael Faria did not have a warrant or other legal process authorizing the arrest of plaintiff Laketa Foy.

21. Defendant Michael Faria then seized plaintiff Laketa Foy and pushed her against a parked car.

22. Defendant Michael Faria instructed defendant Lenna Milligan to handcuff plaintiff Laketa Foy.

23. Defendant Lenna Milligan handcuffed plaintiff Laketa Foy's wrists behind the plaintiff's back.

24. Defendants Lenna Milligan and Michael Faria kicked plaintiff Laketa Foy as they pushed the plaintiff into a police vehicle.

25. Defendants Lenna Milligan and Michael Faria transported plaintiff Laketa Foy to the 107th Precinct, where the plaintiff was imprisoned.

26. At the 107th Precinct, defendant Lenna Milligan conducted a search of the plaintiff in which defendant Milligan placed her hand inside the plaintiff's bra in the presence of male police officers.

27. At the 107th Precinct, defendant Lenna Milligan conducted a pat-down search of the plaintiff in which defendant Milligan touched the plaintiff's breasts.

28. The plaintiff was subsequently transported to Queens Central Booking, where she continued to be imprisoned.

29. Upon information and belief, on June 28, 2014, defendant Lenna Milligan falsely informed an Assistant District Attorney in the office of the Queens County District Attorney that plaintiff Laketa Foy had obstructed vehicular traffic on Pershing Crescent with the intent to cause public inconvenience, annoyance or alarm by preventing other vehicles from passing along the street.

30. Upon information and belief, on June 28, 2014, defendant Lenna Milligan falsely informed an Assistant District Attorney that when the defendants attempted to arrest the plaintiff, the plaintiff flailed her arms and stiffened her body in an attempt to avoid being handcuffed and placed under arrest.

31. On June 28, 2014, defendant Lenna Milligan instituted a criminal proceeding against plaintiff Laketa Foy in the Criminal Court of the City of New York, County of Queens, under Docket No. 2014QN038051, accusing the plaintiff of the crime of Resisting Arrest and the violation of Disorderly Conduct.

32. On the night of June 28 - June 29, 2014, plaintiff Laketa Foy was arraigned before a judge of the Criminal Court of the City of New York, County of Queens, and was released on her own recognizance.

33. Thereafter, plaintiff Laketa Foy was required to appear in the Criminal Court of the City of New York, County of Queens, on numerous occasions to defend against the false criminal charges instituted by defendant Lenna Milligan.

34. On September 13, 2016, the criminal proceeding instituted by defendant Lenna Milligan against plaintiff Laketa Foy was dismissed on motion of the District Attorney.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

35. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as though the same were set forth fully herein.

36. The seizure, arrest and imprisonment of plaintiff Laketa Foy on June 28, 2014, were made without any warrant or other legal process directing or authorizing her seizure, arrest, or imprisonment.

37. The charges upon which defendants Lenna Milligan and Michael Faria arrested plaintiff Laketa Foy were false.

38. The charges were made by defendants Lenna Milligan and Michael Faria against plaintiff Laketa Foy with knowledge that they were false.

39. Plaintiff Laketa Foy was aware of her seizure, arrest and imprisonment by defendants Lenna Milligan and Michael Faria.

40. Plaintiff Laketa Foy did not consent to her seizure, arrest or imprisonment.

41. Defendant Michael Faria acted in concert with defendant Lenna Milligan in the unconstitutional arrest of plaintiff Laketa Foy and/or could have intervened to stop the arrest.

42. As a result of the foregoing, plaintiff Laketa Foy was deprived of her liberty, was imprisoned, was subjected to mental and physical distress, and suffered embarrassment and humiliation.

43. The seizure, arrest and imprisonment of plaintiff Laketa Foy by defendants Lenna Milligan and Michael Faria on June 28, 2014, deprived the plaintiff of her right to be secure in her

person against unreasonable searches and seizures guaranteed by the Fourth Amendment and her right not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

44. Defendants Lenna Milligan and Michael Faria were acting under color of state law when they seized, arrested and imprisoned plaintiff Laketa Foy.

45. Defendants Lenna Milligan and Michael Faria deprived plaintiff Laketa Foy of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment, and her right not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Laketa Foy on false criminal charges.

## COUNT TWO
## USE OF EXCESSIVE FORCE UNDER 42 U.S.C. §1983

46. Plaintiff incorporates by reference paragraphs 1 through 45 of this complaint as though the same were set forth fully herein.

47. Defendants Lenna Milligan and Michael Faria used excessive and unreasonable force against plaintiff Laketa Foy.

48. The level of force used by defendants Lenna Milligan and Michael Faria against plaintiff Laketa Foy was objectively unreasonable.

49. Defendants Lenna Milligan and Michael Faria acted in concert in the use of excessive force against plaintiff Laketa Foy and/or could have intervened to stop the use of excessive force..

50. The use of excessive force by defendants Lenna Milligan and Michael Faria deprived plaintiff Laketa Foy of her right to be secure in her person.

51. Defendants Lenna Milligan and Michael Faria were acting under color of state law when they used excessive force against plaintiff Laketa Foy.

52. Defendants Lenna Milligan and Michael Faria deprived plaintiff Laketa Foy of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against her.

53. As a result of the defendants' use of excessive force, plaintiff Laketa Foy sustained physical injuries to her cervical spine, lumbar spine, right wrist, right knee and right ankle.

54. As a result of the defendants' use of excessive force, plaintiff Laketa Foy experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT THREE
## UNREASONABLE SEARCH UNDER 42 U.S.C. §1983

55. Plaintiff incorporates by reference paragraphs 1 through 54 of this Complaint as though the same were set forth fully herein.

56. The search inside plaintiff Laketa Foy's undergarment by defendant Lenna Milligan in the presence of male police officers pursuant to an unlawful arrest was not reasonable.

57. The search inside plaintiff Laketa Foy's bra in the presence of male police officers pursuant to an unlawful arrest violated the plaintiff's right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

58. Defendant Lenna Milligan was acting under color of state law when she placed her hand inside plaintiff Laketa Foy's bra in the presence of male police officers in a search pursuant to an unlawful arrest.

59. Defendant Lenna Milligan deprived plaintiff Laketa Foy of her right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by placing her hand inside the plaintiff's bra in the presence of male police officers during a search pursuant to an unlawful arrest.

60. As a result of the foregoing unreasonable search, plaintiff Laketa Foy suffered physical discomfort, embarrassment, humiliation and emotional distress.

## COUNT FOUR
## UNREASONABLE SEARCH PURSUANT TO 42 U.S.C. §1983

61. Plaintiff incorporates by reference paragraphs 1 through 60 of this Complaint as though the same were set forth fully herein.

62. The pat-down search of plaintiff Laketa Foy by defendant Lenna Milligan pursuant to an unlawful arrest in which the defendant touched the plaintiff's breasts was not reasonable.

63. The pat-down search of plaintiff Laketa Foy pursuant to an unlawful arrest in which defendant Lenna Milligan touched the plaintiff's breasts violated the plaintiff's right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

64. Defendant Lenna Milligan was acting under color of state law when she touched plaintiff Laketa Foy's breasts in the course of a pat-down search pursuant to an unlawful arrest.

65. Defendant Lenna Milligan deprived plaintiff Laketa Foy of her right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by touching plaintiff Laketa Foy's breasts during a pat-down search pursuant to an unlawful arrest.

66. As a result of the foregoing unreasonable search, plaintiff Laketa Foy suffered physical discomfort,, embarrassment, humiliation and emotional distress.

## COUNT FIVE
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

67. Plaintiff incorporates by reference paragraphs 1 through 66 of this Complaint as though the same were set forth fully herein.

68. The criminal charges brought by defendant Lenna Milligan against plaintiff Laketa Foy in the Criminal Court of the City of New York, County of Queens, was false.

69. Defendant Lenna Milligan instituted the criminal proceeding against plaintiff Laketa Foy with knowledge that the charges were false.

70. Defendant Lenna Milligan instituted the criminal proceeding against plaintiff Laketa Foy without probable cause to believe that plaintiff Laketa Foy had committed the crime and offense charged.

71. Defendant Lenna Milligan was acting with malice when she commenced the criminal proceeding against plaintiff Laketa Foy.

72. The criminal proceeding instituted by defendant Lenna Milligan against plaintiff Laketa Foy was terminated in plaintiff Laketa Foy's favor.

73. Defendant Lenna Milligan was acting under color of state law when she falsely informed an assistant district attorney in the office of the Queens County District Attorney that plaintiff Laketa Foy had obstructed vehicular traffic on Pershing Crescent with the intent to cause public inconvenience, annoyance or alarm by preventing other vehicles from passing along the street.

74. Defendant Lenna Milligan was acting under color of state law when she falsely informed an assistant district attorney in the office of the Queens County District Attorney that when

the defendants attempted to arrest the plaintiff, the plaintiff flailed her arms and stiffened her body in an attempt to avoid being handcuffed and placed under arrest.

75. Defendant Lenna Milligan was acting under color of state law when she commenced a criminal proceeding against plaintiff Laketa Foy in the Criminal Court of the City of New York, County of Queens, accusing the plaintiff of the crime of Resisting Arrest and the violation of Disorderly Conduct.

76. Defendant Lenna Milligan deprived plaintiff Laketa Foy of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States. under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against the plaintiff on false criminal charges.

77. As a result of the criminal proceeding instituted by defendant Lenna Milligan, plaintiff Laketa Foy was required to return to court on numerous occasions and suffered emotional and physical distress, public ridicule, scorn, humiliation and embarrassment.

## COUNT SIX
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

78. Plaintiff incorporates by reference paragraphs 1 through 77 of this Complaint as though the same were set forth fully herein.

79. The acts complained of were carried out by defendants Lenna Milligan and Michael Faria in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

80. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons without probable cause in violation of the

Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

81. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

82. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

83. The arrest and imprisonment of plaintiff Laketa Foy on June 28, 2014 resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

84. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

85. Defendant The City of New York deprived plaintiff Laketa Foy of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment and her right not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

## COUNT SEVEN
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

86. Plaintiff incorporates by reference paragraphs 1 through 85 of this Complaint as though the same were set forth fully herein.

87. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Lenna Milligan and Michael Faria are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

88. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

89. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights

constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

90. Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action by failing to train, retrain, supervise, monitor and discipline the officers and improperly retained and utilized them.

91. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Laketa Foy would be violated.

92. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Laketa Foy.

93. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

94. Defendant The City of New York deprived plaintiff Laketa Foy of her right to be secure in her person against unreasonable searches and seizures guaranteed by the Fourth Amendment and her right not to be deprived of her liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the arrest, subjection to excessive physical force, imprisonment and prosecution of plaintiff Laketa Foy on June 28, 2014.

95. The aforesaid conduct of defendant The City of New York violated the plaintiff's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT EIGHT
## COMMON LAW MALICIOUS PROSECUTION

96. Plaintiff incorporates by reference paragraphs 1 through 95 of this Complaint as though the same were set forth fully herein.

97. Defendants Lenna Milligan and The City of New York maliciously prosecuted plaintiff Laketa Foy on false charges of Resisting Arrest and Disorderly Conduct.

98. As a result of the criminal proceeding instituted by defendants Lenna Milligan and The City of New York, plaintiff Laketa Foy was subjected to mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Laketa Foy respectfully requests that this Court grant the following relief:

A. Award plaintiff Laketa Foy compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Laketa Foy punitive damages to be determined by the jury at the time of trial;

C. Award plaintiff Laketa Foy reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

**JURY TRIAL DEMANDED**

The plaintiff requests a jury trial on all questions of fact raised by her Amended Complaint.

Dated: New York, New York
       June 1, 2017

<div style="margin-left: 40%;">

MICHELSTEIN & ASSOCIATES, PLLC

By: *Eugene M. Bellin*
    Eugene M. Bellin (EB0722)
Attorneys for Plaintiff
485 Madison Avenue - Suite 1600
New York, New York 10022
malaw485@yahoo.com
(212) 588-0880

</div>